## BOARD OF SUPERVISORS OF LOUDOUN COUNTY, ET AL.

### v.

## J. W. PUMPHREY, ET AL.

August 28, 1980.

Record No. 790538.

Present: All the Justices.

*Julia M. Taylor* (*Daniel J. Travostino,* on brief), for appellants.
*Richard F. Williamson* (*W. Curtis Sewell; Thomas & Sewell,* on brief), for appellees.

I'ANSON, C.J., delivered the opinion of the Court.

In this appeal, we must determine whether the Loudoun County Beverage Container Litter Control Ordinance, as it applies to containers for beer and other malt beverages, is preempted by state law.

The ordinance in question was adopted by the Loudoun County Board of Supervisors on October 3, 1977. The provisions of the ordinance, which became effective January 1, 1978, require a minimum cash refund value of five cents on every nonrefillable container in which beverages are offered for sale in Loudoun County. The ordinance provides that "beverage" includes "beer and other malt beverages," as well as soft drinks. No minimum deposit is required if any state agency requires such a deposit to be paid to the wholesaler or retailer. Furthermore, beverage containers to be sold within Loudoun County are required to bear a label indicating that the container is to be sold in Loudoun County and that the container may be returned for a refund.

In November 1977, the appellees initiated this suit challenging the validity of the ordinance. Following a hearing, the chancellor granted the appellees' petition for a preliminary injunction against the enforcement of the ordinance as to containers for beer or other malt beverages, but refused to extend the preliminary injunction to containers for nonalcoholic beverages. On January 8, 1979, the chancellor entered a decree making the injunction permanent as it applied to containers for beer and other malt beverages but otherwise upholding the ordinance. The appellants then sought, and were granted, this appeal.[1]

■ Code § 1-13.17[2] precludes a local governing body from enacting ordinances "inconsistent with" state law. An ordinance, however, may prohibit an act upon which state law is silent, *Kisley* v.

---

[1] In *Tabler* v. *Fairfax County,* 221 Va. 200, 269 S.E.2d 358 (1980) (this day decided), we determined that local governing bodies lack the authority to enact an ordinance requiring a minimum deposit on containers for nonalcoholic beverages. The appellees in this case, however, did not raise this issue on appeal. Consequently, Rule 5:21 prevents our disposition of this case on that basis.

[2] Code § 1-13.17 provides: "When the council or authorities of any city or town, or any corporation, board, or number of persons, are authorized to make ordinances, bylaws, rules, regulations or orders, it shall be understood that the same must not be inconsistent with the Constitution and laws of the United States or of this State."

*City of Falls Church,* 212 Va. 693, 695, 187 S.E.2d 168, 170, *appeal dismissed for want of a substantial federal question,* 409 U.S. 907 (1972), or proscribe conduct already proscribed by state law where the ordinance is not inconsistent with state law, *Wayside Restaurant* v. *Virginia Beach,* 215 Va. 231, 233, 208 S.E.2d 51, 53 (1974). If both the statute and ordinance can stand together, courts are obliged to harmonize them, rather than nullifying the ordinance. *King* v. *County of Arlington,* 195 Va. 1084, 1091, 81 S.E.2d 587, 591 (1954). Nevertheless, an ordinance may not conflict with state law. *Hanbury* v. *Commonwealth,* 203 Va. 182, 185, 122 S.E.2d 911, 913 (1961); *Allen* v. *City of Norfolk,* 196 Va. 177, 180, 83 S.E.2d 397, 399 (1954).

The ordinance under consideration, as it applies to beer and other malt beverages, cannot be harmonized with existing state law. Code § 4-96[3] prohibits local governing bodies from adopting any ordinance regulating the "bottling, possession, sale, distribution, handling, . . . or dispensing of alcoholic beverages in Virginia." Additionally, Regulation 32(d)[4] of the Alcoholic Beverage Control Commission, which has "the force and effect of law," [5] prohibits deposits on disposable bottles containing alcoholic beverages. Because the Loudoun County Beverage Container Litter Control Ordinance, as it relates to beer and other malt beverages, regulates the bottling of alcoholic beverages contrary to Code § 4-96 and also requires deposits on bottles exempted under Regulation 32(d) of the Alcoholic Beverage Control Commission, it is inconsistent with state law. State law thus preempts the Loudoun County ordinance insofar as it relates to containers for beer and other malt beverages.

The decree of the trial court is

*Affirmed.*

---

[3] Code § 4-96 provides: "No county, city or town shall, except as otherwise provided in § 4-38 [authorization for local licenses and taxes] or 4-97 [authorization for ordinances regulating time of sale], pass or adopt any ordinance or resolution regulating or prohibiting the manufacture, bottling, possession, sale, distribution, handling, transportation, drinking, use, advertising or dispensing of alcoholic beverages in Virginia. And all local acts, including charter provisions and ordinances of cities and towns, inconsistent with any of the provisions of this chapter, are hereby repealed to the extent of such inconsistency."

[4] Regulation 32(d) provides: "Deposits shall not be required on the following: 1. Bottles of six (6) ounce capacity or less and the cases in which they are packed. 2. Bottles of beer or beverages imported from outside the United States and the cases in which they are packed. 3. Disposable bottles and the cases in which they are packed."

[5] Code §§ 4-98.14, 4-103(b).