28

## CIRCUIT COURT OF LOUDOUN COUNTY

Ticonderoga Farms, Inc.

    v.

Loudoun County et al.

        Case No. (Chancery) 12368


Ticonderoga Farms, Inc.

    v.

Zoning Appeals Board
of Loudoun County

        Case No. (Law) 11075


William E. Detweiler,
Zoning Administrator

    v.

Ticonderoga Farms, Inc., et al.

        Case No. (Chancery) 12545
    Consolidated with Case No. (Law) 11075

By JUDGE THOMAS D. HORNE

November 29, 1989

The Court will deny the Motion for a Temporary Injunction. Complainant has failed to demonstrate that it will sustain any immediate or irreparable harm in the event such relief were not granted. If an early hearing date is requested by the complainant, the Court will put the case on an accelerated briefing and trial schedule.

March 20, 1990

In [an] Opinion, the Attorney General referred generally to the fact that:

> [t]he regulation of waste disposal activities and waste disposal sites has generally been approved as an appropriate exercise of a locality's police power. Att'y Gen. Ann. Rep. 1987-1988 at 148 (citations omitted).

Thus, the power to regulate solid waste may be shared by the state and local government. Furthermore, any such laws and ordinances should be. read as to avoid a conflict. Att'y Gen. Ann. Rep. 1981-1982, at 274-275. To the extent the provisions of a local ordinance may conflict with state law, they are invalid and may not be enforced. Section 1-13.17, Code of Virginia, as amended. Accordingly, a locality may not forbid what is expressly licensed by the state. *King v. County of Arlington*, 195 Va. 1084, 1091 (1954).

In the instant case, the issue of the applicability of the "recycling" exception is critical to a determination of this litigation. While "recycling" collection centers are exempt from the provisions of the County ordinance, this exception is narrower than that provided for in Section 10.1-1408.1, Code of Virginia, as amended. *See* § 1080.20(b), *Solid Waste Storage Collection and Disposal Ordinance of Loudoun County.* To the extent the ordinance attempts to proscribe an activity exempt by state law from licensing or cannot be harmonized with state law, it is in conflict

30

and invalid. *See Ringlieb, et al. v. Township of Parsippany-Troy Hills, et al.,* 59 N.J. 348, 283 A.2d 97 (1971).

The Court is concerned that "full justice" cannot be done in this Declaratory Judgment proceeding without the participation as a party hereto of the Commonwealth through its Director of the Department of Waste Management.

Accordingly, the Court will direct that the Director be joined as a party, in her official capacity, and that copies of all pleadings be served upon her and a copy sent to the Attorney General of the Commonwealth.

March 27, 1990

The Director should be joined as a party defendant to this action. Later the Court may realign the parties upon an appropriate motion being filed in the case. It is the intention of the Court that the Director be entitled to file a response to the Bill and that litigation be reopened to permit the Director to make a full and complete Answer, as well as to file such additional pleadings as she may be advised. It was not intended that this case be expanded to include additional causes of action beyond those raised in the Bill and Cross-Bill. The Director will not be bound by the existing Stipulation; however, she may adopt it.

April 16, 1990

The Court has reviewed the Motion to Reconsider or For Stay Pending Administrative Action. After considering the memoranda of counsel, the Court has concluded that its decision to join the Director was appropriate and that the Motion should be denied.

August 17, 1990

These three cases present a common issue and a like factual predicate. The issue which they share is that of the extent to which the operation of Ticonderoga Farms is subject to local regulation by Loudoun County. In one instance (Chancery No. 12368), the County contends that Ticonderoga is in violation of the Loudoun County Solid Waste Ordinance and should be enjoined from continuing

certain activities on their property if and until they are properly licensed. The other cases relate to a determination by the Zoning Administrator, confirmed by the Loudoun County Board of Zoning Appeals, that the current use of the property is prohibited under the A-3 (agricultural) zoning of the property. The Zoning Administrator seeks to enforce this decision through an injunction. The Section 15.1-497 certiorari proceedings relating to review of the Board's decision and the enforcement action by the Zoning Administrator have been consolidated for hearing.

Counties have the power to regulate private waste disposal facilities. *Resource Conservation Management, Inc., et al. v. Board of Supervisors of Prince William County*, 238 Va. 15 (1989); *Atty. Gen. Ann. Rep.*, 1987-1988 at 147. Virginia follows the Dillon Rule of strict construction. Nevertheless, the regulatory provisions of the Loudoun County Solid Waste Ordinance are consistent with the power expressly granted localities under Subsection 15.1-28.1, 15.1-510, Code of Virginia, 1950, as amended, as well as those necessarily or fairly implied from those expressly granted and which are essential and indispensable. *Tabler v. Fairfax County*, 221 Va. 200, 202 (1980) (citations omitted). Under the facts of this case, the applicable provisions of the County Solid Waste Management Ordinance and of the Virginia Waste Management Act are in harmony with one another. While the provisions of § 1-13.7, Code of Virginia, as amended, would bar the County from enacting ordinance provisions "inconsistent with state law," the instant case does not present such an inconsistency. Instead, the County Ordinance supplements state statutes and regulations. *Loudoun County v. Pumphrey*, 221 Va. 205 (1980). Thus, just as the Director of Technical Services must, as part of the permitting process provided for in the Solid Waste Ordinance, first determine compliance with land use requirements of County pursuant to Section 1080.15(e)(2) of the County Solid Waste Ordinance, so must the Director of the Department of Waste Management of the Commonwealth first determine that, "the location and operation of the 'solid waste management' facility are consistent with all applicable ordinances . . ." of the County. Section 10.1-1408.1, Code of Virginia, as amended.

Ticonderoga Farms is a Virginia corporation located on 1200 acres of land in southeastern Loudoun County. Ticonderoga grows and markets agricultural products, principally Christmas trees, nursery stock, and pulp trees. As a result of topographical conditions and poor soils, Ticonderoga Farms initiated large scale composting incidental and necessary to their farming operation. While Ticonderoga had composted stumps, brush, logs, leaves and grass clippings generated on the farm, in April, 1989, the farm began accepting such material, as well as dirt, rock, broken concrete, and asphalt from commercial land clearing and excavation off-site for composting and future use on-site. A fee is charged for receipt of these materials. Delivery of the materials to the site has generated substantial truck traffic which is the subject of complaints by some neighbors. Ticonderoga contends that the composting of these materials constitutes "recycling" and therefore is permitted without a permit issue by the County. They draw the attention of the Court to the provisions of Section 10.1-1408.1(h), wherein it is provided:

> No permit shall be required pursuant to this section for recycling or temporary storage incidental to recycling. As used in this subsection, "recycling" means any process whereby material which would otherwise be solid waste is used or reused, or prepared for use or reuse, as an ingredient in an industrial process to make a product, or as an effective substitute for a commercial product.

While the County Ordinance may not provide as expansive a definition of recycling as that set forth above (Section 1080.20(b)), any such inconsistency is irrelevant to this case. While the Court finds that the composting is an agricultural use under the facts of this case, the Court does not find such composting to be recycling nor does the storage of materials on the property constitute storage incidental to recycling. These materials are solid waste as defined in § 10.1-1400, Code of Virginia, and in Section 3.1 of the Solid Waste Management Regulations. As such, the accumulation and the storage of these materials by Ticonderoga Farms as part of a composting operation without

a permit is in violation of the provisions of § 1080.15 of the County Solid Waste Ordinance. As the evidence indicates that Ticonderoga Farms has not obtained such a permit, the Court will grant the relief sought in the Cross-Bill of the County in Chancery 12368 and enjoin the complainant herein from continuing to accept solid waste from off-site for composting on-site unless and until complainant obtains the requisite permit to do so from the County. The Court need not address the issue of a state license, as the Commonwealth is not a party to these proceedings for injunctive relief.

Materials used - in road construction as part of the farming operation shall not be covered by the injunctive order.

Pursuant to the provisions of § 301.1, Zoning Ordinances of Loudoun County:

> No building, structure, or land shall be hereafter used or occupied, and no building or structure or part thereof shall hereafter be constructed except in conformity with all of the regulations herein specified for the district in which it is located.

Ticonderoga Farms is located in an agricultural/residential zoning district (A-3). Under Article 4 of the Zoning Ordinance, among those principle uses and structures permitted by right in such a district are the following:

> 1. *Agricultural*, forestry, and fisheries, provided, however, that no such use shall be permitted which, because of the nature, location, or manner of operation is noxious, offensive, or dangerous because of noise, odor, fumes, gas, glare, smoke, emission of particular matter or effluents, or for other reasons.

"Agriculture" under the Ordinance is defined as:

> The development, operation, and maintenance of equipment, structures, and practices, the primary purpose of which is to produce, raise, nurture, or develop the following, for commercial

34

or home use purposes, or for animal-increase or value-increase:

Field crops
Livestock, except as limited below in 601.2
Dairy operations
Agricultural services
Animal husbandry services
Horticultural services
Hunting, trapping, and game propagation as limited below in 601.3-601.6
Timber tracks
Forestry services

The supplemental regulations for agricultural-residential districts further provide that:

Notwithstanding the above, only those agriculture, horticulture, and forestry uses shall be permitted which are not noxious, offensive, or dangerous because of noise, odor, or emissions of harmful effluent.

Ticonderoga Farms is engaged in the growing and marketing of agricultural products, principally Christmas trees, nursery stock, and pulp trees. As part of this tree-growing operation, Ticonderoga receives material which is then composed on-site for future use as a medium for growing agricultural products. The composting of those materials under the facts of this case are an agricultural use permitted within the A-3 district. The Board of Zoning Appeals, in their decision to affirm by a vote of 3 to 2 the Zoning Administrator's determination that Ticonderoga Farms' receipt and composting of materials from off-site is not a permitted use in the A-3 district, cited two reasons for their rendering such a decision. One, that the intensity of the composting operation precluded its consideration as an agricultural use. Secondly, that because of the location and nature of the operation, it poses a fire hazard and has created unsafe traffic conditions on public highways used by trucks hauling material to the farm.

This decision of the Board of Zoning Appeals must be reversed. In reversing the decision of the Board, the

Court finds that the existence of a fire hazard is not supported by the record. Furthermore, the Court finds that the Board erred in applying erroneous principles of statutory construction as to the issue of traffic, as a safety concern within the context of the use regulations in the A-3 zoning district. In so doing, the Court has applied the test for review of decisions of the Board in cases of review such as this, that is:

> the decision of the board is presumed to be correct, and the court should not substitute its discretion for that of the board. 1 Yokely, *Zoning Law and Practice* (2d ed.), § 187, p. 480. The court may not disturb the board's decision unless it has applied erroneous principles of law or where the board's discretion is involved unless the evidence before the court proves to its satisfaction that the board's decision is plainly wrong and violative of the purpose and intent of the zoning ordinance. *Board of Zoning Appeals v. Combs*, 200 Va. 471, 477 (1959); *Tidewater Utilities v. Norfolk*, 208 Va. 705, 711 (1968).

The intensity of the composting, when considered in relationship to the size and nature of Ticonderoga's farming operation, does not make composting any less agricultural. It is shown from the record to be an integral element in the growing of Christmas trees and other nursery stock. Furthermore, the compost is used exclusively on-site to sustain plant growth. Were it otherwise, the composting would lose its characteristics of an agricultural use. There is no evidence in the record that the fees charged for dumping materials on-site for composting will make such composting profitable other than as an adjunct to the principal use of the property as a farm. Based upon the record, including the report of the Fire Marshall's Office, the conclusion of a majority of the Board as to the existence of a fire hazard is not supported by evidence. In passing, it is important to note the report of the Assistant Fire Marshall of October 11, 1989, wherein he states:

On-site visit was made of all dumping areas on Routes 613-620 and Route 659 to check for possible fire hazards. At the time of the visit, checking sites and interviewing the personnel working on-site, *I found no fire hazards at any of the sites* [emphasis added]. All mulch piles were not exceeding the eight-foot high requirements. All stumps and mulch piles were separated. According to personnel on-site, all mulch piles will be turned every three months. The closes [sic] dwelling was approximately [a] quarter mile away from dumping.

The other reasons cited in support of denial concerned the traffic hazard generated by vehicles transporting materials for composting and road building at Ticonderoga Farms. As counsel for Ticonderoga Farms has observed, the language of Article Four of the Zoning Ordinance and of § 601.2 of that Ordinance concerning manner of operation of an otherwise permitted use is not without limitation. The position of the Board of Zoning Appeals as to such second ground for denial is not warranted as a matter of law. There is no evidence in the record which would indicate that Ticonderoga Farms may be held accountable for reckless or improper driving of trucks bringing materials to the Farm. Furthermore, under the principles of statutory construction applicable to this case, consideration of use by trucks of public roads off-site may not be used to exclude an otherwise permitted use from the A-3 District.

Under the doctrine of *ejusdem generis*, applicable to contracts and statutes alike, "where general words follow particular words, the former are to be regarded as applicable to the persons or things particularly mentioned; and the rule applies even if the general words are broad enough to cover other persons and things, unless something in the instrument [or statute] plainly indicates that they are to be otherwise applied." *Standard Ice Company v. Lynchburg Ice*, 129 Va. 521, 532 (1921). Under the related rule of *noscitur a sociis*, "when general and specific words are grouped, the general words are limited by the specific and will be construed to embrace only objects similar in nature to those things identified by the specific

words." *Cape Henry v. Natl. Gypsum*, 229 Va. 596, 603 (1985). *See also*, *Martin v. Commonwealth*, 224 Va. 298 (1982). Under Article Four, *Permitted Principal Uses and Structures* (see also Article Ten), the following are permitted uses subject to the limitation set forth:

> 1. Agriculture, foresting, and fisheries; provided, however, that no such use shall be permitted which, because of the nature, location, or manner of operation is noxious, offensive, or dangerous because of noise, odor, fumes, gas, glare, vibration, smoke, emission of particular matter or effluents, or for other reasons.

It is clear that the drafters of Article Four intended to prohibit activities which, although agricultural, might affect directly the health and safety of others. It did not, under "other reasons," intend to include inconvenience to the motoring public, dangerous driving by persons beyond their control, indirect damage to roadways, and other noxious activities not directly caused by the composting or growing of trees or other farm operations on site. Accordingly, the Court finds the decision of the Board of Zoning Appeals, on review by writ of certiorari to this Court (Law No. 11075), should be reversed and a finding entered that the composting, road building, and farming operation of Ticonderoga Farms are permitted agricultural use within the A-3 Agricultural Residential District under the Loudoun County Zoning Ordinance as such operation is described in the record. Accordingly, the Bill of Complaint for Injunctive Relief sought by the Zoning Administrator will be dismissed. Moreover, the Court finds that the operations of Ticonderoga Farms, insofar as their collection of organic material from off-site for composting on-site is in violation of the County's solid waste ordinance. Accordingly, the Court will enjoin the continued receipt of such material, forthwith, until such time as the proper permits are obtained.