Present: Carrico, C.J., Lacy, Hassell, Keenan, Koontz, and
Kinser, JJ., and Poff, Senior Justice

ANNE F. DAIL, ET AL.

v. Record No. 991591    OPINION BY JUSTICE ELIZABETH B. LACY
                                     April 21, 2000
YORK COUNTY, ET AL.

              FROM THE CIRCUIT COURT OF YORK COUNTY
                    N. Prentis Smiley, Jr., Judge

     In this appeal, we consider whether the trial court

properly held that the landowners' declaratory judgment action

challenging provisions of zoning ordinances addressing

silvicultural activity[1] was premature because the landowners

had not exhausted available administrative remedies and,

alternatively, that the ordinances were valid.

     Anne F. Dail and her son, James T. Dail, III, (the Dails)

own approximately 37 acres of undeveloped, wooded property in

York County.  The parcel is zoned RR (Rural Residential), a

zoning classification which allows forestry as a use of right

without a special use permit.  The parcel was enrolled in York

County's land use tax program as land devoted to forest use.

     In January 1998, the Dails informed the York County

Zoning Administrator by letter that they intended to harvest

timber on the tract.  The Dails stated that they intended to

_____
     [1] "Silvicultural activity" means "any forest management
activity, including but not limited to the harvesting of
timber, the construction of roads and trails for forest

comply with the best management practices for forestry promulgated by the State Forester but did not intend to comply with certain provisions of § 24.1-419 of the York County zoning ordinance, "Standards for Forestry Operations," (the Forestry Ordinance). The Dails' refusal to comply with parts of the Forestry Ordinance was based on their belief that such provisions were in conflict with, and preempted by, Code § 10.1-1126.1.

The zoning administrator responded that if the Dails harvested the timber without submitting a forest management plan or maintaining the buffer zone as required by the Forestry Ordinance, they would be in violation of the county zoning ordinance and would be subject to the penalties prescribed by law.

The Dails proceeded to file a bill of complaint seeking a declaratory judgment and injunctive relief. They maintained, as they had in their letter to the zoning administrator, that certain portions of the Forestry Ordinance were preempted by Code § 10.1-1126.1 and, therefore, were invalid and ultra vires. In response to the Dails' interrogatories, the County stated that the Dails' timber harvest proposal would also be subject to two additional sections of the County's zoning

---

management purposes, and the preparation of property for reforestation." Code § 10.1-1181.1.

2

ordinance: § 24.1-376, "WMP-Watershed management and protection area overlay district," (WMP Ordinance); and § 24.1-372, "EMA-Environmental management area overlay district," (EMA Ordinance). Based on this representation, the Dails filed an amended bill of complaint expanding their challenge to portions of the WMP and EMA Ordinances.

The County filed a motion to dismiss and a special plea asserting the Ordinances were valid and that the Dails' complaint was premature because they had not exhausted their administrative remedies. The Dails filed a motion for summary judgment.

Following argument of counsel, the trial court entered an order granting the County's motion to dismiss. The trial court held that the Dails had failed to exhaust their administrative remedies and that, "[e]ven if exhaustion of administrative remedies is not required," the Dails "conceded that the County's zoning regulations as they may be applied to them are not unreasonable, and the Court finds that the County's zoning regulations do not conflict with § 10.1-1126.1, Code of Virginia, are not ultra vires, and, indeed, are reasonable and necessary, and serve to protect the health, safety and welfare of the public." The trial court's order also denied the Dails' motion for summary judgment.

3

On appeal, the Dails assert that the trial court erred in denying their motion for summary judgment because (1) they were not required to exhaust their administrative remedies; (2) state law preempts those provisions of the York County zoning ordinance that require zoning administrator approval for timber harvest and that prohibit timber harvest in certain areas; and (3) the limitations imposed on forestry by the York County zoning ordinance are invalid because they conflict with state law. We consider these assertions in order.

## I.  Exhaustion of Administrative Remedies

The threshold matter for determination is whether the challenge to the zoning ordinance raised by the Dails required them to exhaust their administrative remedies. The County argues that without the zoning administrator's review of the Dails' forest management plan, there is no indication of the extent, if any, that the zoning administrator would restrict the timber harvest proposed by the Dails. The County further argues that the Dails' challenge to the reasonableness of the County's ordinance "is properly the subject of an appeal to the BZA before an action can be instituted in circuit court." We disagree.

The requirement that a landowner must exhaust his administrative remedies before filing a declaratory judgment action is based on the principle that courts do not address

4

issues based on circumstances which may never materialize.  If the landowner can obtain a variance or other modification of the challenged ordinance as applied to his property, the landowner would no longer be prejudiced by the ordinance and would have no standing to attack the ordinance.  Gayton Triangle Land Co. v. Henrico County, 216 Va. 764, 766, 222 S.E.2d 570, 572 (1976).  However, the exhaustion of administrative remedies doctrine does not apply to circumstances in which the challenge to the ordinance could not be remedied by a variance or other action of the County. Bd. of Super. v. Rowe, 216 Va. 128, 133, 216 S.E.2d 199, 205 (1975).

In this case, the Dails do not assert that the Forestry, EMA, or WMP Ordinances were invalid or unreasonable as applied to their property.[2]  Rather, the Dails contend that the Ordinances were invalid as applied to any property satisfying the criteria of Code § 10.1-1126.1 because the Ordinances conflicted with, and were preempted by, Code § 10.1-1126.1. Considering the Ordinances as invalid local legislation, and ultra vires acts, the Dails assert that they were not required

---

[2] The trial court held that the Dails conceded that the ordinances were not unreasonable as applied to their property and this holding was not the subject of an assignment of error.

to comply with the provisions of the county zoning ordinance in question.

The Dails' challenge requires a determination whether the challenged ordinances are valid exercises of the County's zoning authority.  Neither the zoning administrator nor the board of zoning appeals has the authority to determine the validity of a zoning ordinance.  Town of Jonesville v. Powell Valley Village Limited Partnership, 254 Va. 70, 74, 487 S.E.2d 207, 210 (1997).  Therefore, pursuing administrative remedies could not have resolved the issues presented by the Dails, and a suit seeking a declaratory judgment was appropriate.  Accordingly, we conclude that the trial court erred in dismissing the amended bill of complaint for failure to exhaust administrative remedies.

II.  Validity of Ordinances

We now turn to the various challenges the Dails make regarding the validity of certain portions of the York County zoning ordinance.  Subsection A of Code § 10.1-1126.1 states that it is a "beneficial and desirable use" of the forest resources of this Commonwealth to practice forestry "in accordance" with the best management practices promulgated by the State Forester.  Subsection B of that section places limitations on the regulations localities can impose on silvicultural activity conducted on property such as the

Dails.[3]  The limitations placed on the localities are that the

ordinances (1) may not prohibit or unreasonably limit such

silvicultural activity, (2) may not impose a permit or fee

requirement to engage in such activity, (3) must be

"reasonable and necessary to protect the health, safety and

welfare" of the localities' residents, and (4) may not

"conflict with the purposes of promoting the growth,

continuation and beneficial use of the Commonwealth's

privately owned forest resources."  Code § 10.1-1126.1(B).

The Dails assert that a number of the provisions in the

Forestry, EMA, and WMP Ordinances are invalid because they are

preempted by state law or are inconsistent with state law.

Specifically, the Dails assert that the requirement imposed by

the Forestry Ordinance that the zoning administrator approve a

forest management plan before engaging in silvicultural

activities and the provisions in the EMA Ordinance regarding

clear cutting of timber are preempted and invalid because they

directly contravene Code § 10.1-1126.1(B).  The Dails also

contend that even if the provisions regarding clear cutting

---

[3] Subsection B of Code § 10.1-1126.1 applies to silvicultural activity (1) conducted in a manner which complies with the best management practices promulgated by the State Forester and (2) located on property defined as real estate devoted to forestry use under § 58.1-3230 or in a district established pursuant to Chapter 43 or 44 of Title 15.2.  There is no dispute that the Dails' property meets these criteria.

are not preempted, they, along with other provisions of the Ordinances regarding buffer zones, nevertheless are invalid because they violate state law established for the regulation of forestry and the protection of water quality in the Commonwealth.

## A. Permit Requirement

The Dails assert that the requirement in the Forestry Ordinance that a forest management plan be approved by the zoning administrator is in effect a permit requirement and, therefore, conflicts with the provision of Code § 10.1-1126.1(B) prohibiting localities from imposing "permits." We disagree with the Dails' interpretation of the statute because it is not supported by the language in the statute and it relegates the submission and review process allowed by the statute to one of mere notice filing.

Code § 10.1-1126.1(B) authorizes a county zoning administrator to review proposed silvicultural activity to determine whether it "complies with applicable local zoning requirements." Allowing proposed activity to be reviewed for compliance implies that the review process encompasses more than simply a review of a proposed plan of activity. The statutory review process includes a component of evaluation and decision regarding compliance. Describing this decision as an "approval" in the Forestry Ordinance is consistent with

authorizing the zoning administrator to make such a determination regarding compliance, and does not create a permit requirement.

The Dails further argue that the compliance review is limited to determining whether the forestry plan complies with other zoning ordinances relating to non-silvicultural activities, such as noise abatement ordinances. However, there is nothing in the statute that suggests such a limited interpretation, and nothing in the statute suggests that the County cannot enact ordinances affecting silvicultural activity.

Therefore, we conclude that the provisions of the Forestry Ordinance requiring submission and approval of a forest management plan by the zoning administrator do not impose a permit requirement for silvicultural activities and therefore do not contravene, and are not preempted, by Code § 10.1-1126.1(B).

## B. Clear Cutting of Timber

The Dails next turn to the aspects of Code § 10.1-1126.1(B) which forbid the enactment of local ordinances that prohibit silvicultural activity. The Dails maintain that a portion of the EMA Ordinance, § 24.1-372(e)(5), prohibits clear cutting of timber and, therefore, is invalid. However, reading the provision challenged by the Dails in its entirety

9

shows that it is not an absolute prohibition on clear cutting of timber in areas subject to the EMA Ordinance.

The portion of the EMA Ordinance challenged by the Dails states that, in those areas subject to the Ordinance:

> Clear cutting of trees shall not be permitted. However, the zoning administrator may permit selected thinning based upon best management practices and in accordance with an approved plan.

§ 24.1-372(e)(5), York County Code.  We do not interpret this language as prohibiting silvicultural activity.  This provision is a limitation on clear cutting, which can be altered by the zoning administrator.  Therefore, this provision does not contravene, and is not preempted by, Code § 10.1-1126.1(B).[4]

### C.  Buffer Requirements

Finally, relying on Code §§ 1-13.17, 15.2-1200, and 15.2-2283, the Dails contend that, even if the provision regarding clear cutting is not preempted, it, along with other provisions establishing buffer zones, are invalid because they conflict with, or are inconsistent with, state law.

The Dails assert that the statutory scheme for regulating silvicultural activity includes delegating to the State

---

[4] In their reply brief, the Dails also characterize subsection (e)(2) of the WMP Ordinance and subsections (f) and (g) of the Forestry Ordinance as amounting to a prohibition on harvesting timber. Those sections, however, also allow the zoning administrator to modify the extent of the buffer zones imposed by those subsections and allow harvesting of timber.

Forester the development of best management practices, Code § 10.1-1105, and placing the sole authority to enforce and implement the laws pertaining to forest and woodlands in the State Forester, Code §§ 10.1-1181.2 and 10.1-1181.3.  Citing Klingbeil Management Group Co. v. Vito, 233 Va. 445, 357 S.E.2d 200 (1987), the Dails conclude that the provisions of the Ordinances establishing buffer requirements are invalid because they address these matters of silviculture activity in a manner that conflicts with the provisions of the best management practices promulgated by the State Forester.

This conflict, however, does not render the Ordinance provisions void.  A local ordinance may be invalid because it conflicts with a state regulation if the state regulation has "the force and effect of law."  Loudoun County v. Pumphrey, 221 Va. 205, 206-07, 269 S.E.2d 361, 362-63 (1980).  The Dails' argument fails because the best management practices promulgated by the State Forester do not have the force and effect of law.

The best management practices are only guidelines for use in forestry activities.  Moreover, the State Forester's enforcement authority extends to the issuance of special orders for silvicultural activity which is causing or is likely to cause "pollution" or "an alteration of the physical, chemical or biological properties of any state waters

11

resulting from sediment deposition presenting an imminent and substantial danger" to the public health, water supply, or other endeavors such as recreation or commerce. Code § 10.1-1181.2(B), (C). The State Forester cannot issue special orders solely for the violation of a best management practice.[5] Therefore, the provisions of the Ordinances establishing buffer zones are not invalid based on a conflict with the buffer zones suggested by the best management practices because the best management practices do not have the force and effect of law.

The Dails make a similar argument regarding the validity of provisions of the Ordinances which regulate silvicultural activity for the purposes of maintaining water quality. The Dails say that the State Water Control Board is the sole agency authorized to administer the state's water control law and to establish standards for protection of state waters. The Dails argue that the State Water Control Board has recognized the best management practices for non-point pollutant sources such as forestry as practices "to be the most effective, practicable means of preventing or reducing the amount of non-point source pollutants entering a water

---

[5] There are certain federally promulgated best management practices which are mandatory. However, they do not involve the matters addressed in the Ordinances at issue in this case

12

course." 9 VAC 25-560-120. These practices, therefore, according to the Dails, are standards "promulgated as part of an overall scheme designed to regulate and foster the State's forestry industry" and to the extent the Forestry, EMA, and WMP Ordinances exceed these standards, they are invalid.

As we have just said, the best management practices are merely guidelines and do not have the force of state law. State Water Control Board recognition of these guidelines as preferred methods for maintaining clean water does not transform them into enforceable regulations. Therefore, provisions in the challenged Ordinances which conflict with the best management practices are not invalid on the basis that they conflict with state law governing water quality.

Finally, we note that in their reply brief, the Dails argue that the limitations placed on a locality's general police powers and zoning authority by Code § 10.1-1126.1(B) reflect an intent by the General Assembly to "change the status quo," and to impose "the burden upon localities" if they enact requirements that exceed the best management practices "to show that the State regulations are inadequate to protect the health, safety and welfare of their citizens

_____

and, in no event, would be relevant to the Dails' challenge based on preemption or conflict with state law.

and that local regulation is necessary to meet identified shortcomings in the State program."

We reject this invitation to abandon the presumption of validity afforded a local government ordinance and to adopt the burden shifting scheme proposed by the Dails.  We find the suggestion particularly inappropriate in this case because the Ordinances at issue address conditions contained in guidelines, not in state statutes or regulations, and because many of the challenged requirements of those Ordinances may be altered by the zoning administrator.  Furthermore, to the extent that this argument addresses the requirement of Code § 10.1-1126.1(B) that a locality's ordinance regulating silvicultural activity be "reasonable and necessary to protect the health, safety and welfare" of the locality's residents, we will not consider the argument because the Dails did not assign error to the trial court's conclusion that the ordinances "are reasonable and necessary, and serve to protect the health, safety and welfare of the public."

For the above reasons, we will reverse that portion of the trial court's judgment concluding that the Dails were required to exhaust their administrative remedies, and affirm that portion of the judgment concluding that the challenged provisions of the York County zoning ordinance are valid.

Reversed in part,

14

<u>affirmed in part,
and final judgment.</u>