Present: All the Justices

COUNTY OF CHESTERFIELD, ET AL.

OPINION BY
v.  Record No. 010523      CHIEF JUSTICE HARRY L. CARRICO
                                    March 1, 2002
WINDY HILL, LTD., ET AL.

FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
William R. Shelton, Judge

Code § 4.1-128(A), part of the Alcoholic Beverage Control Act, provides in pertinent part that "[n]o county, city, or town shall . . . adopt any ordinance or resolution which regulates or prohibits the manufacture, . . . drinking, use, . . . or dispensing of alcoholic beverages in the Commonwealth." Code § 4.1-128(C) provides in pertinent part that "all local acts, including charter provisions and ordinances of cities and towns, inconsistent with any of the provisions of this title, are repealed to the extent of such inconsistency."

In City of Norfolk v. Tiny House, Inc., 222 Va. 414, 281 S.E.2d 836 (1981), we held that the Alcoholic Beverage Control Commission's[1] "exclusive authority to license and regulate the sale and purchase of alcoholic beverages in Virginia does not preclude a municipality from utilizing valid zoning ordinances to regulate the location of an establishment selling such

_____

[1] At the time Tiny House was decided, the body regulating alcoholic beverages in this Commonwealth was called the Virginia Alcoholic Beverage Control Commission. In 1985, the General Assembly changed "Commission" to "Board" in an enactment

alcoholic beverages."  Id. at 423, 281 S.E.2d at 841.  The question in the present case is whether Tiny House controls when, as here, the issuance by a county of a conditional use permit for a particular activity on a parcel of land is made subject to the condition that "[n]o alcoholic beverages shall be permitted" on the property.

Seeking enforcement of this condition, the County of Chesterfield and its Director of Planning, Thomas Jacobson (collectively, the County), filed in the trial court a bill of complaint for injunctive relief against E. M. Ciejek, Inc. (Ciejek), owner of the property subject to the condition, and Windy Hill, Ltd. (Windy Hill), the lessee of the property.  The trial court heard the case on cross-motions for summary judgment filed by the County and Windy Hill and on a demurrer filed by Ciejek.

Windy Hill's motion for summary judgment was based upon the proposition that Condition No. 9 is a prohibition measure designed to prohibit the use of alcohol contrary to Code § 4.1-128(A), that the condition is inconsistent with state law contrary to Code § 1.13-17,[2] and that the condition is therefore void and repealed by Code § 4.1-128(C).  These grounds form the

effective July 1, 1986.  1985 Va. Acts ch. 448.  We will use "Commission" when appropriate and "Board" when appropriate.

2

sole basis for Windy Hill's attack on the validity of Condition No. 9.

The trial court denied the County's motion for summary judgment but granted Windy Hill's motion and also sustained Ciejek's demurrer. We awarded the County this appeal.

Because the case was decided on motions for summary judgment and a demurrer, we will state the facts as alleged in the County's bill of complaint and draw inferences therefrom in the light most favorable to the County, the non-moving party, unless the inferences are strained, forced, or contrary to reason. Halifax Corp. v. First Union Nat'l Bank, 262 Va. 91, 95, 546 S.E.2d 696, 699 (2001).

The property in question consists of a 176-acre parcel of land located on Midlothian Turnpike in Chesterfield County. The county zoning ordinance places the land in an agricultural district in which certain uses, including "outdoor recreational establishment[s]," are permitted only upon the issuance of a conditional use permit.

In 1981, Ciejek applied to the Board of Supervisors of Chesterfield County for a conditional use permit to operate a sports complex, which qualified as an "outdoor recreational establishment," on the 176-acre parcel. The filing of the

---

[2] Code § 1.13-17 provides that local ordinances "must not be inconsistent with the Constitution and laws of the United States

application "generated significant community opposition." However, as a result of negotiations among the County's planning staff, Ciejek, and area property owners, Ciejek "agreed to [ten] conditions and restrictions upon the use of [its] property."

On November 25, 1981, the Board of Supervisors approved Ciejek's request for a conditional use permit subject to the conditions that had been agreed to. Included was Zoning Condition No. 9, which provided that "[n]o alcoholic beverages shall be permitted" on the property. Thereafter, the sports complex was constructed and Windy Hill became its operator.

In 1990, Windy Hill filed a zoning application seeking an amendment of the zoning conditions to permit the sale and consumption of alcoholic beverages at the sports complex. On January 23, 1991, the Board of Supervisors denied the application. On two other occasions, once in 1992 and again in 1996, Windy Hill sought permission from the Board of Supervisors to expand the conditional use permit to include additional property adjacent to the sports complex. On both occasions, the Board of Supervisors granted permission after Windy Hill agreed that Zoning Condition No. 9 would remain in effect.

In June 1999, Windy Hill applied to the Virginia Alcoholic Beverage Control Board (the ABC Board) for a license to sell and serve beer at the sports complex. The County objected to the

_____

or of this Commonwealth."

4

issuance of a license on the ground that the sale of alcohol at the complex would violate the applicable zoning conditions. On March 20, 2000, the ABC Board granted Windy Hill a beer on-premises license. In its Final Decision and Order Granting License, the ABC Board dismissed the County's objection and stated as follows:

> [W]hether the restriction against the sale of alcoholic beverages included in the conditional use permit granted by the County of Chesterfield for the applicant premises is enforceable under the County's Zoning power is not within the Board's jurisdiction and is properly the subject of proceedings between the County and property owner in a court of competent jurisdiction.

Windy Hill is currently selling beer on the premises pursuant to the ABC license.

In sustaining Windy Hill's motion for summary judgment, the trial court in a letter opinion found a conflict between Condition No. 9 and the ABC Board's exclusive authority to regulate the use of alcohol. The trial court said a conflict existed because "there is nothing in [the conditional use] permit that states that the prohibition of alcohol is for zoning purposes or for the general health and safety of the community." Without such a statement, the trial court opined, Condition No. 9 "directly conflicts with the powers granted to the ABC [Board] and amounts to a prohibition measure" forbidden by Code § 4.1-128(A) because it "effectively prohibits every conceivable use of alcohol on the premises."

5

The County contends the trial court's requirement of a statement of zoning purpose in a conditional use permit "is erroneous because there is no such requirement imposed under Virginia law." Windy Hill does not even mention such a requirement, let alone defend it, and for good reason – the trial court cited no authority for the requirement, and we have found none.

Furthermore, there is inherent in every zoning ordinance "the general purpose of promoting the health, safety or general welfare of the public." Code § 15.2-2283. The zoning ordinance of Chesterfield County in effect when the conditional use permit was issued in 1981 echoed this general purpose, see former Chesterfield County Code § 21-1, and the same is true of the present zoning ordinance, see current Chesterfield County Code § 19-1. We hold that the lack of a statement of zoning purpose in Condition No. 9 did not create a conflict between the condition and the powers of the ABC Board.

Nor does Condition No. 9 otherwise conflict with the powers granted the ABC Board. Condition No. 9 is comparable to the zoning provisions at issue in Tiny House, supra. There, the zoning ordinance of the City of Norfolk defined certain "adult uses," which included establishments "for the sale of beer, wine, and/or mixed beverages for on-premises consumption." 222 Va. at 426, 281 S.E.2d at 843. The ordinance noted the "serious

6

objectionable operational characteristics [inherent in adult uses], particularly when several of them are concentrated . . . or located in direct proximity to residential neighborhoods." Id., 281 S.E.2d at 842-43. The ordinance required "use permits for adult uses," id. at 425, 281 S.E.2d at 842, and provided that "no such permit shall authorize such use or structure less than 500 feet from any residential district boundary," id. at 426, 281 S.E.2d at 843, and that "no more than two such uses shall be located within 1000 feet of each other," id. at 427, 281 S.E.2d at 843.

Tiny House applied for a use permit to sell beer for on-premises consumption in a restaurant on commercially zoned property located within 1000 feet of other adult uses. The City Planning Commission recommended denial of the permit. While the matter was pending before City Council, Tiny House withdrew its application, sought and received a license from the ABC Commission to serve beer for on-premises consumption, and began selling beer. The City then sought to enjoin such sale. The trial court refused injunctive relief, and the City of Norfolk appealed.

On appeal, Tiny House argued that "even though the City's Ordinance may be a legitimate exercise of its police power, the City may not regulate the location and concentration of establishments selling alcoholic beverages" because "the General

Assembly granted this exclusive authority to the ABC Commission."  222 Va. at 421, 281 S.E.2d at 840.  Tiny House then argued that "when a city ordinance conflicts with a state statute, the state statute will prevail."  Id.  Finally, Tiny House argued that " 'a reading of the Virginia Beverage Control Act in its entirety [demonstrates] that the state legislature intended to control the whole of the law . . . relating to and concerning alcoholic beverages.' "  Id.

We responded as follows:

> We agree that in conflicts between state law and municipal law, state law must control.  We reject Tiny House's contention that the General Assembly, by enacting the ABC Act, intended to prohibit local governments from utilizing zoning as a means of controlling the location and concentration of establishments selling alcoholic beverages.

Id.  Further, we stated as follows:

> If this court adopted Tiny House's argument, we would be granting the ABC Commission the exclusive right to determine the location of establishments selling alcoholic beverages.  Counsel for Tiny House conceded that if the ABC Act preempts local zoning ordinances regarding the location and concentration of this type of establishment, then the ABC Commission could grant a license for such an establishment in a residential area and the local government would be powerless to prevent it.

> We find no manifest intention on the part of the legislature to grant such sweeping and unbridled authority to the ABC Commission.  There is no language in the ABC Act which takes from local governments the powers conferred upon them by zoning statutes to regulate land use.  The General Assembly intended to grant the ABC Commission exclusive authority to control the ". . . use . . . or dispensing of alcoholic beverages in Virginia."  [The General Assembly] did not intend to usurp the police power

8

of local governments or to prevent them from achieving the
orderly use of land through zoning ordinances.  When there
is no conflict between the terms of the ABC Act and those
of a municipal ordinance, the ordinance may stand.  We hold
that the ABC Commission's exclusive authority to license
and regulate the sale and purchase of alcoholic beverages
in Virginia does not preclude a municipality from utilizing
valid zoning ordinances to regulate the location of an
establishment selling such alcoholic beverages.

222 Va. at 422-23, 281 S.E.2d at 841 (citations omitted).

Finally on the conflict point, we stated as follows:  "We find no conflict between any provision in the Acts of the General Assembly regulating alcoholic beverages and the Ordinance of the City of Norfolk enacted pursuant to Acts of the General Assembly concerning municipal zoning."  Id. at 424, 281 S.E.2d at 842.  Likewise, we find no conflict here.

Windy Hill attempts to distinguish Tiny House on the ground that, while the County defines the word "location" as meaning " **'site specific**,**'** " "what the Supreme Court meant by **'location'** [in Tiny House] is **'zoning district.'** "  This definition of "location," Windy Hill submits, is derived from the powers granted localities "to regulate the **'use of land'** by dividing it into various districts and then setting forth what types of **'land uses'** can be done in each district."

Windy Hill admits that its definition of "location" also "applies to **conditional zoning** cases," but it says "the **'conditions' must** relate to **'land uses,' not 'alcohol uses.'** " Windy Hill maintains that this case is a prime example of the

9

necessity to define "location" the way Windy Hill defines it. Windy Hill points out that "[o]f the ten conditions of the ordinance [granting the conditional use permit], all but Condition 9 legitimately relate to the **'use of land,'** " and only Condition No. 9 "attempts to usurp the power of the ABC Commission by **prohibiting** the **'use of alcohol.'** " Windy Hill submits that "[t]he prohibition against alcohol in Condition 9 of the Ordinance is inconsistent with State law, and was therefore repealed by Code Sec. 4.1-128C eo instanti upon its enactment."

On the other hand, Windy Hill asserts, the Norfolk zoning ordinance applied in Tiny House "is **not** a **prohibition** against alcohol" but an "ordinance . . . designed to prevent 'red light districts,' not by prohibiting them, or the alcohol they serve, but by preventing their '**concentration**' " rather than their location. Windy Hill submits that the Norfolk ordinance twice states in its preamble that "its purpose is to prevent the **'concentration'** of such adult establishments" and that the "**Tiny House** opinion refers to the **'clustering'** of such uses." Thus, Windy Hill concludes, Tiny House only stands for the proposition that localities may prevent the concentration of adult uses in zoning districts; it does not allow localities to "dictate that an adult establishment serving alcohol cannot be **located** on any **specific** piece of property."

We disagree with Windy Hill; we are of opinion that <u>Tiny House</u> is indistinguishable.  It is true that the Norfolk zoning ordinance considered in <u>Tiny House</u> twice stated that its purpose was to prevent the concentration of adult uses.  It is also true that in the <u>Tiny House</u> opinion we referred to the clustering of adult uses.  But that does not mean <u>Tiny House</u> is authority only for a locality's power to prevent concentration and clustering.  We also made these decisive references to <u>location</u> in <u>Tiny House</u>:

> In this appeal we decide if the City, in the exercise of its police power, may enact a zoning ordinance regulating the <u>location</u> of an establishment selling alcoholic beverages.

222 Va. at 416, 281 S.E.2d at 837 (emphasis added).

> We hold that the ABC Commission's exclusive authority to license and regulate the sale and purchase of alcoholic beverages in Virginia does not preclude a municipality from utilizing valid zoning ordinances to regulate the <u>location</u> of an establishment selling such alcoholic beverages.

<u>Id.</u> at 423, 281 S.E.2d at 841 (emphasis added).[3]

---

[3]Emphasizing the use of the word "valid" in the text quotation from <u>Tiny House</u>, Windy Hill argues that in order for localities to utilize zoning ordinances to regulate the location of  establishments selling alcoholic beverages, the ordinances must be valid. "For an ordinance to be **valid**," the argument continues, "it must be consistent with state law," and "Condition 9 . . . is **inconsistent** with State law in that contrary to Code Sec. 4.1-128A it **prohibits** any and all use of alcohol anywhere on Windy Hill's property."  However, from our finding <u>supra</u> that there is no conflict between Condition No. 9 and the ABC Board's authority to regulate the sale and consumption of alcohol, it follows that Condition No. 9 is valid.

11

And we meant the word "location" to mean "location," _i.e.,_ "[t]he _specific_ place or position of a person or thing." _Black's Law Dictionary_ 951 (7th ed. 1999) (emphasis added). Under _Tiny House's_ application of the Norfolk zoning ordinance, the placing of an adult use within 1000 feet of another adult use is as effectively "site specific" as the location specified in the conditional use permit involved in this case. Whether a particular establishment in a commercially zoned district could be licensed to sell alcohol was readily ascertainable by a mere measurement, and once the measurement showed the establishment was within 1000 feet of another adult use, that specific location became a forbidden place for the sale of alcohol to the same extent as the location involved here.

But, argues Windy Hill, Condition No. 9 is a prohibition measure outlawed by Code § 4.1-128(C). _Tiny House_ answers this argument conclusively:

> The Ordinance under question is not a prohibition measure. It is not designed to prevent or control the use of alcohol or to regulate the business of those who dispense it. That is the exclusive province of the ABC Commission. The Ordinance seeks only to prevent the use of land in a manner the City has deemed detrimental to the general welfare of its inhabitants and deemed as having a deleterious effect on the community. The General Assembly has vested the authority in the City's legislative body to take this action.

_Id._ at 424, 281 S.E.2d at 842.

Finally, Windy Hill argues that "[i]f the ordinance [in question] said that alcohol could **not be served on golf courses**, that would be an invalid attempt to control the '**use of alcohol**' under **Loudoun County** [v. Pumphrey, 221 Va. 205, 269 S.E.2d 361 (1980)] and Code Sec. 4.1-128A." There, a Loudoun County ordinance required a minimum cash refund value of five cents on every nonrefillable container in which beverages were offered for sale in the county. We held the ordinance invalid with respect to containers for beer and other malt beverages because the ordinance was inconsistent with state law and preempted by what is now Code § 4.1-128(A).

Loudoun County v. Pumphrey is inapposite. The case did not involve a zoning ordinance or the application of zoning principles and, hence, this Court did not consider the issue presented here. The Loudoun County ordinance attempted to regulate "the bottling of alcoholic beverages," 221 Va. at 207, 269 S.E.2d at 363, not the location where they may be sold or consumed. The location where alcoholic beverages may be sold or consumed not only has far greater impact upon public health and safety than the bottling of alcoholic beverages but also implicates land use to a far greater extent, rendering location a proper subject for the application of zoning principles. We noted the effect of this dichotomy upon our decision in Tiny House when, in distinguishing Loudoun County v. Pumphrey, we

said that "[t]he legislature has not granted localities the power to impose and collect deposits on beverage containers" but has granted localities "the authority to adopt and enforce zoning ordinances to ensure the orderly use of land." Tiny House, 222 Va. at 423, 281 S.E.2d at 841.[4]

In conclusion, we will reverse the judgment of the trial court with respect to Windy Hill and remand the case for the entry of a permanent injunction against Windy Hill prohibiting it from further violation of Condition No. 9 of the conditional use permit. However, we will affirm the judgment with respect to Ciejek. As noted supra, the trial court sustained Ciejek's demurrer. One ground of the demurrer stated that the County's bill of complaint for injunctive relief "does not allege that Ciejek is violating any county ordinance or that Ciejek intends

---

[4] Also inapposite is an opinion of the Attorney General of Virginia, cited by Windy Hill, concerning an ordinance of the Town of Tazewell which provided that "[n]o alcoholic beverage . . . shall be sold, served or consumed on the premises occupied by a public dance hall." 1981-82 Op. Atty. Gen. 14. The Attorney General was asked whether the ordinance was in conflict with what is now Code § 4.1-128(A). The Attorney General responded that Loudoun County v. Pumphrey controlled because the Town had "not attempted to regulate the location of dance halls as it might under the Tiny House decision" but rather had sought to prohibit "the possession, sale, use and drinking of alcoholic beverages in dance halls." However, as we have demonstrated in the text, Tiny House controls here because Condition No. 9 regulates the location where alcoholic beverages may be sold or consumed, and application of the condition is limited to the one establishment involved in the conditional use permit, unlike the Tazewell ordinance, which applied to all dance halls in the Town of Tazewell.

14

to violate any county ordinance," and another ground stated that the bill of complaint "does not allege that Ciejek is violating or intends to violate any condition of zoning."  There is no cause for the entry of an injunction unless the alleged wrong is actually occurring or "is actually threatened or apprehended with reasonable probability."  WTAR Radio-TV Corp. v. City Council of Virginia Beach, 216 Va. 892, 895, 223 S.E.2d 895, 898 (1976).  An examination of the County's bill of complaint for injunctive relief reveals that, under the WTAR test, the bill is woefully deficient for the reasons assigned in the demurrer. The trial court was plainly right, therefore, in sustaining the demurrer.

Affirmed in part,
reversed in part,
and remanded.