## CIRCUIT COURT OF THE CITY OF NORFOLK

William Coston

     v.

Norfolk Board
of Zoning Appeals

September 1, 2010

Case No. (Civil) CL09-4637

By JUDGE CHARLES E. POSTON

Today the Court affirms the Board of Zoning Appeals' decision from which Petitioner William Coston appeals.

### Facts

On March 31, 2009, the City of Norfolk issued a Notice of Zoning violation to William Coston for "illegal sales of scooters and repairs without a special exception." Coston had been selling mopeds from his retail business located at 2816 East Virginia Beach Boulevard. The parties have stipulated that mopeds are motorized machines designed to transport passengers. The property is zoned C-1 (limited commercial), and the Notice indicated that Coston was in violation of Norfolk Zoning Code § 6-1.2. Ex. 19-1.

The zoning administrator determined that Coston's sale of gasoline-powered scooters violated Norfolk Zoning Code § 6-1.2 because Norfolk Zoning Ordinance § 2-3 defines "automobile" as "[a]ny vehicle propelled by its own motor and operating on ordinary roads. As used herein, the term includes passenger cars, trucks, motorcycles, motor scooters, motorized bicycles, and the like." Because Norfolk Zoning Code § 6-1.2 does not provide for a Permitted Use or Special Exception Use for "automobile" sales and service or repair, the zoning administrator denied Coston's request to sell mopeds in the C-1 zoning district.

Coston appealed the zoning administrator's denial to the Board of Zoning Appeals on April 3, 2009, and the Board denied his appeal on

June 18, 2009. Coston filed a timely Petition to Appeal the Administrative Decision with the Court on July 20, 2009, challenging the Board's decision and naming the City of Norfolk as the sole defendant. Because the City was not a proper defendant in the appeal, the City demurred. On October 2, 2009, the Court dismissed the City of Norfolk as a defendant and granted leave for Coston to amend his Petition to add the Board as a defendant. The defendant Board accepted service and filed an answer. A hearing was held before this Court on May 13, 2010.

## Discussion

Plaintiff's appeal presents two issues: (1) whether Coston's appeal from the Board's decision was timely; and (2) whether Coston violated Norfolk Zoning Code § 6-1.2, which bars the sale and repair of automobiles, when he sold mopeds from his property?

### A. *Was the Plaintiff's Appeal Timely?*

Defendant asks this Court to dismiss Coston's appeal because it was untimely filed. Va. Code Ann. §15.2-2314 requires that an appeal from a Board of Zoning Appeals' decision be filed within thirty days after the Board's final decision. The Supreme Court of Virginia has held that the relevant statute "unambiguously requires only that an aggrieved person file a petition for certiorari within the prescribed thirty-day period and that the petition specify the grounds upon which the petitioner is aggrieved." *Board of Supervisors v. Board of Zoning Appeals*, 225 Va. 235, 238 (1983). In this case, Coston is the aggrieved party and his petition detailed the grounds upon which he was aggrieved.

Specifically, Defendant argues that the Court should dismiss the case because Coston originally named the City of Norfolk as the Defendant instead of the Board, and did not join the Board until after the thirty-day period had expired. The Board is a necessary party to an appeal of a Board decision, *id.* at 238, and necessary parties must be named as defendants. *Miller v. Highland County*, 274 Va. 355, 365 (2007).

The Commonwealth of Virginia has adopted statutory provisions to govern the amendment of pleadings to substitute a new party. Va. Code Ann. § 8.01-6. The statute details circumstances in which a substituted defendant may be served after the limitations period has run. The statute provides:

> A misnomer in any pleading may, on the motion of any party, and on affidavit of the right name, be amended by inserting the right name. An amendment changing the party against whom a claim is asserted, whether to correct a misnomer or otherwise, relates back to the date of the original pleading if

(i) the claim asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth in the original pleading, (ii) within the limitations period prescribed for commencing the action against the party to be brought in by the amendment, that party or its agent received notice of the institution of the action, (iii) that party will not be prejudiced in maintaining a defense on the merits, and (iv) that party knew or should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against that party.

Va. Code Ann. § 8.01-6.

The Court finds that the Board was properly substituted, and, thus, the amended complaint relates back to the date of the original filing. The claims against the City and the Board arose out of the same occurrence, Coston's appeal from the zoning administrator's decision regarding his zoning violation, and the Board, or its agent, the City Attorney's office, received notice of the appeal within the limitations period. When Coston named the City as the Defendant in his original appeal, the City Attorney's office, as the City's legal representative, was served with the petition. Because the City Attorney's office serves as the legal representative and agent for both the City and the Board, the Board, through its agent, received adequate notification of the proceedings. The Board has not demonstrated that it will suffer any prejudice in maintaining a defense, and, finally, because the Plaintiff stated in his original appeal that he was "appeal[ing] the City of Norfolk, Board of Zoning Appeal's decision," the Board should have known that but for the mistake, the Board would have been the named Defendant.

The Court finds that Plaintiff's appeal was timely filed and declines to dismiss on those grounds.

## B. *Is a Moped an Automobile under the Norfolk Zoning Code?*

The Court notes at the outset that its scope of review in this proceeding is limited. Board decisions are presumed to be correct and cannot be reversed or modified unless the Court determines that the Board "applied erroneous principles of law or was plainly wrong and in violation of the purposes and intent of the zoning ordinance." *Foster v. Geller*, 248 Va. 563, 566 (1994). The challenging party has the burden of proof on these issues. *Id.*

Coston argues that the Norfolk City ordinance is null and void because it is overbroad, fails to distinguish between automobiles and mopeds, and conflicts with state and city law. Local governing bodies may not enact ordinances that are "inconsistent with state law"; however,

local ordinances "may prohibit an act upon which state law is silent, or proscribe conduct already proscribed by state law where the ordinance is not inconsistent with state law. If both the statute and ordinance can stand together, courts are obliged to harmonize them, rather than nullifying the ordinance." *Loudoun County v. Pumphrey*, 221 Va. 205, 206-07 (1980) (citations omitted) (internal quotation marks omitted).

The Board denied Coston's request to sell mopeds in a C-1 zoning district because Norfolk Zoning Code § 6-1.2 prohibits "automobile" sales and service or repair in that district. Norfolk Zoning Ordinance § 2-3 defines "automobile" as "[a]ny vehicle propelled by its own motor and operating on ordinary roads" and includes "motorcycles, motor scooters, motorized bicycles and the like." Neither the Virginia Code nor the Norfolk City Code contains a definition for "automobile." The Virginia Code and the Norfolk City Code both use the term "motor vehicle," which each defines as a "vehicle that is self-propelled or designed for self-propulsion except as otherwise provided in this title." Va. Code Ann. § 46.2-100; Norfolk City Code § 25-2. The statutes specifically exclude "moped" from this definition and define "moped" as a:

> vehicle that travels on not more than three wheels in contact with the ground that has (i) a seat that is no less than 24 inches in height, measured from the middle of the seat perpendicular to the ground and (ii) a gasoline, electric, or hybrid motor that displaces less than 50 cubic centimeters.

Va. Code Ann. § 46.2-100; Norfolk City Code § 25-2. For purposes of statutory enforcement, mopeds are classified as vehicles when operated on highways. The statute defines "highway" as "the entire width between the boundary lines of every way or place open to the use of the public for purposes of vehicular travel." Va. Code Ann. § 46.2-100; Norfolk City Code § 25-2. Although mopeds are, of course, capable of use in private driveways and other areas not considered highways, there is no evidence in the record that the mopeds at issue here were limited to use on private roads. Thus, under city and state law, mopeds are considered "vehicles" unless their use is strictly confined to private roadways. As already discussed, the local ordinance defines "automobile" as "[a]ny vehicle propelled by its own motor and operating on ordinary roads." Norfolk Zoning Ordinance § 2-3. Because neither city nor state law contains a definition of "automobile" as used in the Zoning Ordinance and because the statutes classify mopeds as vehicles when used on highways, the Zoning Ordinance's classification of a moped as an "automobile" for purposes of the Zoning Code is not inconsistent with city or state law.

For these reasons, the Court holds that the local ordinance is consistent with city and state law and, therefore, declines to nullify the ordinance.

*Loudoun County v. Pumphrey*, 221 Va. 205, 206-07 (1980). The Board's finding that Plaintiff was in violation of Norfolk Zoning Code § 6-1.2 for selling mopeds in a C-1 zoning district will be affirmed.