## CIRCUIT COURT OF LOUDOUN COUNTY

Gum Springs, L.C.

v.

Loudoun County
Supervisors et al.

July 27, 2001

Case No. (Chancery) No. 20677

BY JUDGE THOMAS D. HORNE

This case came before the Court on June 21, 2001, for oral argument on the above respondent's Plea in Bar and Demurrer to complainant's Bill of Complaint for Declaratory Judgment and Injunctive and Other Relief. Upon consideration of the pleadings, as well as memoranda of law and oral argument, the Court overrules the respondent's Plea in Bar but sustains in part and overrules in part respondent's Demurrer.

The Court is cognizant of its responsibility on demurrer to accept as true the facts as pleaded in the Bill of Complaint. Thus its decision is predicated upon the facts set forth in the complaint and those which are alleged by inference or implication.

Complainant Gum Springs, L.C. ("Gum Springs") is the contract purchaser of approximately 422 acres of land ("the Property") located in Loudoun County, Virginia. The Property is presently, and was at the time of contract, zoned A-3. On February 20, 2001, the Loudoun County Board of Supervisors ("the Board") denied Gum Springs' application requesting that the Property be rezoned to the R-4 district. Twenty-seven days later, on March 19, 2001, Gum Springs filed their complaint in this action, contesting the Board's decision.

Attached to Gum Springs' complaint, and properly before the Court for its consideration, is an extensive record of the proceedings below.

Approval of the Application would permit the development of the Property as a clustered, low-density residential development. The proposed development would be comprised of 749 single-family, detached dwelling units and fifty single-family, attached, affordable units, plus recreational areas. As part of their application, Gum Springs proffered certain improvements to Virginia State Route 659 to provide ingress to and egress from the proposed community. In response to concerns raised at the Board's public hearing, Gum Springs amended their Proffer Statement to include cash contributions of $800 per unit to be used for regional road improvements and capital equipment for transit services.

## I. *Respondent's Plea in Bar*

The Board contends that the owners of the Property are precluded from being joined as parties to this action because the thirty-day deadline for filing appeals under Virginia Code Ann. § 15.2-2285(F) has now expired. The Board reasons that the Court cannot grant the relief requested without the landowners being parties to the case.

Virginia Code Ann. § 15.2-2285(F) states that "every action contesting a decision . . . adopting or failing to adopt a proposed zoning ordinance or amendment thereto . . . shall be filed within thirty days of the decision with the circuit court having jurisdiction of the land affected by the decision." This action was filed twenty-seven days after the Board's decision.

Gum Springs cites two recent Virginia Supreme Court decisions to support their position that the landowners, if deemed necessary parties, may be joined, later, as parties plaintiff as justice requires. Friends of Clark *Mountain v. Board of Supervisors*, 242 Va. 16 (1991), and *Riverview Farm Assocs. v. Board of Supervisors*, 259 Va. 419 (2000). The Court believes these authorities are controlling and that the plea in bar should be overruled.

Gum Springs, as the contract purchaser of the Property, clearly has standing to bring this suit. As the provisions of Virginia Code Ann. § 15.2-2285(F) do not constitute either a statute of limitations or of repose, they do not prohibit the joinder of additional necessary parties after the 30-day period for the filing of an appeal has passed. The Court therefore overrules the Board's Plea in Bar.

## II. *Respondents' Demurrer*

Gum Springs contends that the Board's action in denying the rezoning application was, inter alia, illegal, arbitrary, capricious, unreasonable, and discriminatory. Thus, they assert that the denial was made in violation of accepted planning and zoning principles of the Commonwealth, the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, and the guarantees of procedural and substantive due process afforded by both the Virginia and United States constitutions.

In separate numbered paragraphs, Gum Springs seeks to redress conduct that is allegedly the product of arbitrary government action. Thus, Count I is cast in the mold of noteworthy rezoning denials that have failed to conform to the "fairly debatable" standard governing the permissible limits of legislative land use decisions. *Board of Supervisors v. Allman*, 215 Va. 434 (1975); *Board of Supervisors v. Williams*, 216 Va. 49 (1975). However, the complainant in the remaining counts seeks to add to the issues to be determined those of a deprivation of due process and equal protection guarantees. The demurrers are well taken to these remaining counts.

For the reasons set out below, the Court finds that Gum Springs has made sufficient allegations to state a claim that the Board's denial of the Application was an unreasonable exercise of the state's traditional police power through zoning. Gum Springs has not presented sufficient material facts to constitute claims of deprivation of due process, denial of equal protection, or illegal and unconstitutional "impact fees." Accordingly, the Court will overrule the Board's Demurrer with respect to Count I of the Bill of Complaint and permit those allegations to proceed to an evidentiary hearing. However, the Court will sustain the Demurrer with respect to Counts II, III, IV, V, VI, and VII. Count VIII, having been nonsuited, need not be addressed.

### A. *Count I: Legitimate Public Purpose*

Count I of Gum Springs' Complaint contains several discrete allegations that have been separately addressed in the parties' memoranda. The Board's denial was a legislative act and legislative acts are generally presumed to be reasonable. *Gregory v. Board of Supervisors*, 257 Va. 530, 537 (1999). As it relates to zoning, legislative acts must bear a reasonable or substantial relation to the public health, safety, or general welfare in order to be reasonable. *See Board. of Supervisors v. Allman*, 215 Va. 434 (1975).

The legislative branch of a local government in the exercise of its police power has wide discretion in the enactment and amendment of zoning ordinances. Its action is presumed to be valid so long as it is not unreasonable and arbitrary. The burden of proof is on him who assails it to prove that it is clearly unreasonable, arbitrary, or capricious, and that it bears no reasonable or substantial relation to the public health, safety, morals, or general welfare.

*Id.* at 444.

However, "the presumption of reasonableness is not absolute. Where presumptive reasonableness is challenged by probative evidence of unreasonableness, the challenge must be met by some evidence of reasonableness." *Id.* at 445 (quoting *Fairfax County v. Snell Corp.*, 214 Va. 655, 659 (1974)).

The relevant question here is whether Gum Springs' allegations sufficiently state a claim that the Board's refusal to rezone the Property lacked substantial relation to the public health, safety, and general welfare. Without descending into a detailed analysis of the distinct allegations or their merits, the Court finds that Count I, when considered by the standard applicable to demurrers, is sufficient to state a claim. If proven, the cumulative effect of an alleged failure of the Board to properly weigh and consider the articulated statutory concerns and an attendant discriminatory treatment would render the instant action of the Board an arbitrary and capricious exercise of its power to zone. The Court therefore overrules the Board's demurrer with respect to Count I of the Complaint.

## B. *Count III: Equal Protection under the Fourteenth Amendment*

Gum Springs contends that "the denial of the Rezoning Application deprives [them] of the right to equal protection of the laws without a legally sufficient justification, in violation of the United States Constitution, actionable in this Court under the provisions of 42 U.S.C. § 1983." Gum Springs' allegations of unconstitutionality do not present a facial challenge to the Loudoun County Zoning Ordinance; rather, they argue that the Board's particular legislative action in applying the Ordinance was improper and should be enjoined.

The Equal Protection Clause of the Fourteenth Amendment commands that "all persons similarly situated . . . be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). Where governmental action

does not burden a fundamental right or involve a classification such as race, sex or national origin, it is "presumed to be valid and will be sustained if the classification . . . is rationally related to a legitimate state interest." *Id.* at 440.

Yet Gum Springs does not allege that the classifications embodied in the Ordinance lack the appropriate "rational basis" or that the Ordinance is discriminatory on its face. They claim that facially neutral policies were unequally applied to them. "To prove that a statute has been administered or enforced discriminatorily, more must be shown than the fact that a benefit was denied to one person while conferred on another." *Sylvia Dev. Corp. v. Calvert County, Md.*, 48 F.3d 810, 819 (4th Cir. 1995) (citing *Snowden v. Hughes*, 321 U.S. 1, 8 (1944)).

> The unlawful administration by state officers of a statute fair on its face, resulting in unequal application to those who are entitled to be treated alike, is not a denial of equal protection unless there is shown to be present in it an element of intentional or purposeful discrimination.

*Id.* at 819.

Thus, even if the Board's action disparately impacts Gum Springs, "it will not be found to violate the Equal Protection Clause unless the plaintiff demonstrates that the action was motivated, at least in part, by an '§invidiously discriminatory' intent," and that the same decision would not have resulted had the impermissible purpose not been considered. *Id.* at 819.

Gum Springs' allegation that the Board's purpose in denying the Application was to effect a de facto moratorium does not constitute an allegation of invidiously discriminatory intent. Nor is their assertion that adjacent properties were previously granted rezoning sufficient to state such a claim. To the extent that the pleadings seek to leverage such a claim out of the issue of adjacency, it is to be noted that adjacency alone is expressly inadequate to constitute such an allegation. *Helmick v. Town of Warrenton*, 254 Va. 225, 231 (1997) (citing *Board of Supervisors v. Rowe*, 216 Va. 128, 135 (1975)).

Gum Springs must do more than state the conclusory assertion that the Board's action was taken without legally sufficient justification in order to state a claim upon which relief may be granted. The Court sustains the Board's Demurrer with respect to Count III.

## C. *Counts II and VII: Substantive Due Process*

In Count II of their Complaint, Gum Springs contends that the Board's action constitutes a deprivation of substantive due process as it is guaranteed by the Virginia and United States constitutions, in that it "is not reasonably or substantially related to a legitimate public purpose." Count VII charges that the Board's action constitutes "a deprivation of rights to substantive due process guaranteed by the Fifth and Fourteenth amendments to the United States Constitution under color of state law, actionable in this Court under the provisions of 42 U.S.C. § 1983."

In general, the guarantees of due process offer protection against deprivation of property that is accomplished by arbitrary legislative action. In order to state a claim, Gum Springs must sufficiently allege that (1) they had a property interest; (2) the Board deprived them of this property interest; and (3) the Board's action falls so far beyond the outer limits of legitimate governmental action that no process could cure the deficiency. *Sylvia Dev. Corp.*, 48 F.3d at 827. As previously noted, the complainant has in Count I stated a viable claim alleging an arbitrary exercise of the police power by the Board. It has suggested that "it makes little sense at this early stage of the proceeding to cut off all inquiry into what is facially a viable constitutional claim." A fair reading of the bill of complaint compels a different conclusion.

It has been held that, "in the context of a zoning action involving property, it must be clear that the state's action 'has no foundation in reason and is a mere arbitrary or irrational exercise of power'." *Id.* at 827 (quoting *Nectow v. Cambridge*, 277 U.S. 183, 187-88 (1928)). Gum Springs must allege that the purpose of the Board's action has "no conceivable rational relationship to" a legitimate public purpose. *Id.* at 827 (emphasis added).

Gum Springs makes the assertion that they satisfy the requirement of a "cognizable property interest, rooted in state law" in that they possess "a property interest to a zoning classification that is reasonable." They do not claim to have a legitimate claim of entitlement to the benefit of the denied R-4 zoning; rather they assert that they are entitled "not to have their property burdened by a zoning classification that is inherently unreasonable." Had Gum Springs pleaded a legitimate claim of entitlement to the requested R-4 zoning, their claim would necessarily fail, since "any significant discretion" on the part of the Board to deny the rezoning would defeat such a claim. *Biser v. Town of Bel Air*, 991 F.2d 100, 104 (4th Cir. 1993) (citing *Gardner v. Baltimore Mayor & City Council*, 969 F.2d 63, 68 (4th Cir. 1992)).

Even assuming, *arguendo*, that the contract purchaser of land could be said to have a *property interest* in a zoning classification of that property that is reasonable, it does not follow that the Board's denial of Gum Springs' particular rezoning and development proposal constitutes a deprivation of that interest. Gum Springs' Complaint thus fails to sufficiently allege a property interest, as is required to properly state a claim of deprivation of substantive due process.

Absent also from Gum Springs' complaint is any allegation that the Board's denial of their Application is "so unjustified by any circumstance or governmental interest, as to be literally incapable of avoidance by any pre-deprivation procedural protections or of adequate rectification by any post-deprivation state remedies." *Sylvia Dev. Corp.*, 48 F.3d at 827 (citing *Rucker v. Harford County*, 946 F.2d 278, 281 (4th Cir. 1991), cert. denied, 502 U.S. 1097 (1992)). Gum Springs' complaint thus fails to satisfy the third, as well as the first, requirement.

It would appear that the Due Process Clause of the Virginia Constitution does not provide for any greater rights than those afforded by the Federal Constitution. *Archer v. Mayes*, 213 Va. 633 (1973) (Equal Protection Clause of the Fourteenth Amendment). To the extent that Gum Springs' complaint fails to state a federal claim, so too does it fail to state a claim under the Virginia Constitution.

Gum Springs has failed to sufficiently allege that (1) they have a "legitimate claim of entitlement" constituting a property interest that was deprived by the Board in an "action so arbitrary and irrational that it cannot be avoided by" post-deprivation remedies or that (2) they were subjected to discrimination that was so unjustifiable (e.g. completely unrelated to any proper governmental objective) as to be violative of due process. The Court therefore sustains the Board's Demurrer with respect to Counts II and VI of the Complaint.

D. *Counts IV, V, and VI: Illegal Exactions*

Gum Springs contends that "the County has a policy of coercing compliance with demands for improvements above and beyond those generated by a proposed rezoning." They allege that "since such a policy is not authorized by the Virginia Code, it violates the Dillon Rule [and] constitutes an illegal exaction in violation of *Dolan v. City of Tigard*, 512 U.S. 374 (1999)."

In *Dolan,* the Supreme Court held that a municipality may condition a land use permit upon dedication of the land to a public use if such dedication is roughly proportional to the impact upon the community caused by the proposed land use. *Id.* at 374. Dedications or exactions that are not related in both nature and extent to the impact of the proposed development are illegal.

The holding in *Dolan* has been clarified and distinguished in a more recent decision by the Supreme Court. In *City of Monterey v. Del Monte Dunes at Monterey, Ltd.,* 526 U.S. 687 (1999), Del Monte Dunes brought suit against the City after it imposed more rigorous demands each of the five times it rejected Del Monte Dunes' applications to develop their land. The Court held that:

> [T]he rule applied in *Dolan* considers whether dedications demanded as conditions of development are proportional to the development's anticipated impacts. It was not designed to address, and is not readily applicable to, the much different questions arising where, as here, the landowner's challenge is based not on excessive exactions but on denial of development. We believe, accordingly, that the rough-proportionality test of *Dolan* is inapposite to a case such as this one.

*Id.* at 703.

Like the plaintiff's in *Del Monte Dunes,* Gum Springs' action against the Board is based upon the Board's denial of their application, not upon a challenge to excessive conditions placed upon an approval.

As the defendants have observed, the complainant has chosen to file the proffer statement with the exhibits to the complaint. The proffer statement states that the proffers are voluntary. Such a position confounds the allegations contained in the bill with the position taken before the Board. Furthermore, the complainant states no basis upon which it has standing to assert the rights of others to attack the general transportation policies of the County.

Lastly, Counts IV, V, and VI cannot withstand demurrer because the policies complained of are not identified. The Court cannot rule upon such policies until it knows what policies are under attack.

Accordingly, the Court must sustain the Board's Demurrer with respect to Counts IV, V, and VI of the Complaint.