# CIRCUIT COURT OF LOUDOUN COUNTY

Northern Virginia
Community Hospital, L.L.C., et al.

v.

Loudoun County
Board of Supervisors et al.

March 9, 2006

Case No. (Chancery) 25225

BY JUDGE THOMAS D. HORNE

Complainants, Northern Virginia Community Hospital, L.L.C. (NVHC), and Women's Hospital, Indianapolis, L.P., have filed an action for declaratory, injunctive, and other relief pursuant to 42 U.S.C. § 1983 arising out of the denial by the Loudoun County Board of Supervisors of certain land use applications that would allow the construction of a new acute care hospital in the County. These applications include certain Zoning Concept Plan Amendments ("ZCPA Applications") and a Special Exception Permit Application ("SPEX Application"). It is alleged that the actions of the Board in denying the applications implicate a variety of theories upon which recovery is predicated. Each of the theories must be measured by the principles applicable to consideration of the complaint on demurrer. Thus, the Court must not only consider the facts stated in the complaint but also those that are alleged by inference or implication.

Without restating each of the factual allegations contained in the thirty page Bill of Complaint, the Court will, as it must on demurrer, consider all such facts stated therein to be true. In summary, the complaint suggests that

the complainants are the owner and lessee of a tract of land located in the Broadlands area of Loudoun County, Virginia. Complainant , Northern Virginia Community Hospital, L.L.C., is the holder of a valid Certificate of Public Need to construct a 164-bed hospital on the property. Zoning of the parcel is PD-OP ("Planned Development-Office Park"). Hospitals are an included use within the PD-OP District by Special Exception. A special exception application was filed with the appropriate County officials in late 2002 to construct a hospital on the site. At the request of the County zoning staff, the Complainant, although not required by law to do so, later filed a Zoning Concept Plan Amendment to clarify the permitted uses on the site and to permit the project to develop under a uniform plan of development.

On August 1, 2005, the Board of Supervisors voted to deny the Applications of the Complainants. Not only the fact of the denial but the circumstances leading to the denial, including the motives of the Board, are the subject of comment by the complainant.

The complainants suggest that the Board of Supervisors acted in concert with Loudoun Health Care, Inc., and its sole member, INOVA Health Systems Foundation, an affiliate of INOVA Health Systems, Inc., to preserve Loudoun Health Care's monopoly on acute care hospital facilities in Loudoun County. End products of this alleged restraint of trade were the suggested zoning denials and amendment to the Comprehensive Plan. Loudoun Healthcare is the single provider of such services at this time.

It is suggested by the complainants that the issuance of a Certificate of Public Need by the State Heath Commissioner for the construction of a hospital at the Broadlands site trumps any action by the Board to deny the Applications.

The instant complaint is sufficient to withstand demurrer in so fact as it seeks to challenge the reasonableness of the actions of the Board in denying the requested Applications and the Plan Amendment. While the actions of the Board are entitled to the presumption of validity accorded legislative acts, the reader of the complaint may fairly infer from the pleadings that the denial by the Board is reflective of unreasonable, arbitrary, capricious, and discriminatory land use decision making. *Board of Supervisors v. McDonald's Corp.*, 261 Va. 583 (2001). Accordingly, the demurrers to those counts that set forth State challenges to the reasonableness of the legislative actions of the Board will be overruled.

Count VIII, requesting declaratory and injunctive relief, is ancillary to a determination of the validity of the actions of the Board complained of in other counts.

A certain number of the remaining counts of the Bill of Complaint appear to elevate objective judicial review of planning and zoning decisions to an attack upon the underpinnings of the right of local government to make such decisions and upon the purposes for which that right was exercised. Thus, the following assertions are made concerning the Board's actions:

1. The Certificate of Public Need issued to the Complainant Northern Virginia Community Hospital is an express authorization to build at the Broadlands site. [Count I.] Accordingly, both the denial by the Board of the applications and adoption of a Comprehensive Plan amendment, proscribing a hospital at the site, was illegal.

2. The exercise of the zoning power to restrict competition is invalid. [Count II.]

3. Northern Virginia Community Hospital has a property interest in a reasonable zoning classification and in its Certificate of Public Need to construct a medical center on the site, and that in contravention of the provisions of the Constitution and of 42 U.S.C. § 1983, the Board, under of color of State law, acted arbitrarily and irrationally to deprive it of such interest. It is suggested that such action fell, "so far beyond the outer limits of legitimate governmental action that no process could cure the deficiency." [Count III.]

4. In violation of the Constitution and of the provisions of 42 U.S.C. § 1983, the Board acted to discriminate against Northern Virginia Community Hospital and in favor of Loudoun Hospital, Inc., in order to protect Loudoun Hospital from competition with the Complainant. [Count IV.]

5. The adoption of a Comprehensive Plan Amendment by the Board to protect Loudoun Hospital, Inc., and to restrain competition by Northern Virginia Community Hospital was arbitrary and capricious, exceeded the powers delegated to the Board by the General Assembly, and was therefore illegal and should be overturned. [Count V.]

6. To require that a Special Exception be obtained for a hospital use in a PD-OP District is illegal, arbitrary, and capricious. Accordingly, a zoning provision, such as is present in this case, is unjustified. [Count VII.]

The Court will sustain the demurrers with respect to Counts I, II, III, and IV. Those demurrers to the remaining Counts are overruled.

In general, "When the State, in the exercise of its police power, enacts certain regulations, a political subdivision may, if it acts within its delegated powers, legislate on the same subject unless the General Assembly has expressly preempted the field." *Ticonderoga Farms, Inc. v. County of Loudoun*, 242 Va. 170, 175 (1991) (authority omitted). Pursuant to Va. Code

Ann. § 1-13.17, "when the council or authorities of any city or town, or any corporation, board, or number of persons, are authorized to make ordinances, bylaws, rules, regulations or orders, it shall be understood that the same must not be inconsistent with the Constitution and laws of the United States or of [the] Commonwealth." Where "the statute and ordinance can stand together and be given effect, it is the duty of the courts to harmonize them and not nullify the ordinance." *King v. Arlington County*, 195 Va. 1084, 1091 (1954).

Complainants contend that, having been issued a Certificate of Public Need by the Commissioner to operate an acute care hospital at the Broadlands location, the Board is powerless to limit construction of such a facility based upon two of its primary land planning tools, the Comprehensive Plan or Zoning Ordinance. In considering whether to issue a Certificate of Public Need, the Commissioner is required to consider twenty specific criteria relevant to the establishment of a public need for the project. Va. Code Ann. § 32.1-102.3. In the instant case, the "project" authorized is the establishment of a medical care facility. Va. Code Ann. § 32.1-102.1.

Zoning is concerned, not only with the questions of needed services, but also with compatibility and orderly growth. The planning for the development of community centers with "adequate highway, utility, health, educational, and recreational facilities" is part of the planning process specifically delegated by the General Assembly to localities. Va. Code Ann. § 15.2-2200. Contrariwise, the Commissioner, while he may consider similar factors in determining the issue of need, is not concerned with the impact such a facility will have on the overall development of the community. While the issue of the Certificate of Public Need may be a relevant factor to be considered in weighing the reasonableness and propriety of legislative action, it does mandate where health care facilities are to be located within Loudoun County.

The act of identifying an area other than that approved by the Commissioner for the construction of acute care facilities in the County of Loudoun is not inconsistent with the authority expressly delegated to the Commissioner. It is the function of the Commissioner, consistent with the provisions of the State Medical Facilities Plan, to determine a need for those facilities within a designated area to be served. *Blanton v. Amelia County*, 261 Va. 55 (2001). There is evident nothing in the provisions of law governing the issuance of Certificates of Public Need that would suggest that the General Assembly, "[intended] to usurp the police power of local governments or to prevent them from achieving the orderly use of land through zoning ordinances." *City of Norfolk v. Tiny House, Inc.*, 222 Va. 414, 423 (1981).

("ABC Commission's exclusive authority to license and regulate the sale and purchase of alcoholic beverages in Virginia does not preclude a municipality from utilizing valid zoning ordinances to regulate the location of an establishment selling such beverages.").

It has been observed that, "members of a local legislative body are in the most advantageous position to determine the proper uses of land within their jurisdiction. *Id.*, at 424. By exercising the power granted to it by the General Assembly to make land use decisions concerning the area, use, and size of land and buildings, the Board did not seek to undermine the Commissioner's statutory authority to evaluate health needs or limit his authority to authorize the construction of health care facilities based upon findings of need. *County of Chesterfield v. Windy Hill, Ltd.*, 263 Va. 197, 206 (2002).

The demurrer will be sustained as to Count I, and the count dismissed.

The demurrer will be sustained as to Count II. Complainants suggest that the purpose of the Board's denial of the Applications was "solely designed to restrict competition for the provision of health care services and to protect the Loudoun Health Care, Inc., monopoly from competition by NVCH." Thus, the Complainant's conclude, the Board acted unreasonably and arbitrarily, and without reasonable relation to health, safety, or welfare. In acting upon the Applications of the Complainants, the Board acted in its legislative capacity. As a legislative act, the Court may not generally explore whether the motive to act was inspired by a desire to restrict competition or by some other purpose. *Blankenship v. City of Richmond*, 188 Va. 97 (1948); *Helmick v. Town of Warrenton*, 254 Va. 225 (1997). It is to be noted that the issue of the alleged purpose of the denials to restrict competition has been joined between the parties on the bill and on demurrer. Thus, this case is in a different procedural posture than that presented in *Board of Supervisors v. Davis*, 200 Va. 316 (1958).

In *Davis*, counsel explored the motives of the Board through the testimony of the Board members. It is from their testimony and the expert testimony based thereon, that the Supreme Court concluded that "the denial by the Board of the rezoning application was based upon improper factors which bore no substantial relation to the public health, safety, morals, or welfare of the community, and was therefore arbitrary, unreasonable, and invalid." *Id.*, at 323. Rather than testing the legal efficacy of the pleading, the Board in *Davis*, filed an answer denying the allegations relating to a consideration of improper factors. In addition, evidence relating to an improper motive was admitted without objection.

288

As Count II seeks to explore the legislative motives behind the denial of the applications, it does not state a cause of action upon which relief may be granted. The demurrer will be sustained and the count dismissed.

Counts III and IV allege violations of 42 U.S.C. § 1983. For a more in depth discussion of such claims in a zoning context, counsel are referred to my earlier letter opinions in *Gum Springs v. Loudoun County*, 59 Va. Cir. 509 (2001), and *Dawson v. Loudoun County Supervisors*, 59 Va. Cir. 517 (2001). It is asserted that the Complainants were deprived of their constitutionally protected right to a reasonable zoning classification and in the Certificate of Public Need to build a hospital on the site. Assuming, without deciding, that the complainants have stated a protected property interest for which they may seek relief, they fail to show that the denial of the Applications is "so unjustified by any circumstance or governmental interest, as to be literally incapable of avoidance by any pre-deprivation procedural protections or of adequate rectification by any post-deprivation state remedies. *Sylvia Dev. Corp. v. Calvert County, Md.*, 48 F.3d 810, 827 (4th Cir. 1995) (citing *Rucker v. Harford County*, 946 F.2d 278, 281 (4th Cir. 1991)).

Accordingly, the demurrer will be sustained as to Count III and the count dismissed.

Count IV states a "class of one" equal protection violation claim. In order to prevail on this U.S.C. § 1983 action, the complainants must demonstrate that not only have they been the objects of unjustified discrimination in the administration of the county's land use policies, but also that they have been subjected to "invidiously discriminatory intent." *Sylvia Dev. Corp. v. Calvert County, Md.*, 48 F.3d 810, 819. A Constitutional deprivation of equal protection for which the instant Count affords protection must set forth sufficient facts that lead the reader to conclude the same result would not have obtained absent consideration of the impermissible purpose. *Id.* The instant pleadings do not support the conclusion that the Board would have acted differently, albeit unreasonably, on the Applications and the Amendment to the Comprehensive Plan had they not done so in furtherance of a restrain of competition. Accordingly, the demurrer to Count IV will be sustained with leave granted to the complainants to plead over as to such Count within twenty-one days of this letter opinion, should they be so advised.

In Count V, Complainants seek to invalidate the Comprehensive Plan Amendment based upon a failure to give notice pursuant to Va. Code Ann. §§ 15.2-2229 and 15.2-2204 and the arbitrary decision of the Board to restrict competition through the planning process. The Court finds that the demurrer

should be overruled. The issue of notice is best raised on a special plea or summary judgment.

Count VII of the Bill of Complaint seeks to challenge the requirement that the Complainants obtain a special exception in order to construct a hospital on the site. They assert that a hospital should be a by-right use in a PD-OP District. Thus, it was unreasonable to require submission of a hospital to the special exception process. However, in the event the Court were to find a special exemption required, then to deny such was unreasonable. In either event, the claim restates what is alleged elsewhere in the Complaint, that is, whether the denial of the Applications was unreasonable and that the complainants are entitled to a declaration of right and injunctive relief to prohibit the Defendants from interfering with the construction of a hospital on the site in accordance with the Certificate of Public Need. Accordingly, the demurrer to Count VII is overruled.

In the event the Complainants elect not to replead their claim seeking relief pursuant to 42 U.S.C. § 1983, the County may be dismissed as a party. The Board is the "local governing body" for purposes of contesting the other claims remaining in the case.